IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE V. QUILLAR,

      Plaintiff,                      No. CIV S-04-1203 FCD KJM P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,             <u>ORDER AND</u>

      Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

                   /

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Two matters are before the court.

1. <u>Plaintiff's Motion For Substitution</u>

        On October 23, 2006, the court was informed by the United States Marshal that service of process cannot be effectuated upon defendant Rowlett because he is deceased. On November 16, 2006, plaintiff filed a motion asking that defendant Rowlett's "wife, successor and/or personal representative" be substituted for Rowlett. Plaintiff will be ordered to identify by name the person or entity he wishes to substitute for defendant Rowlett within thirty days. If plaintiff fails to do this, his motion for substitution will be denied.

/////

/////

1

2. <u>Defendants' Motion To Dismiss</u>

On February 5, 2007, defendants Mendoza and Murray filed a motion to dismiss. On December 6, 2005, the court found that plaintiff's amended complaint states cognizable claims against defendant Mendoza and Murray under the First Amendment, Eighth Amendment, Fourteenth Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Therefore, the court ordered service of process on these defendants. In his complaint, plaintiff asserts that his religion requires that he wear a beard and that he must do so for health reasons. Despite this, plaintiff asserts that while he was a prisoner at the California Medical Facility (CMF), between 2000 and 2004, he was disciplined with the loss of certain privileges for wearing a beard by both defendants Mendoza and Murray.

Mendoza and Murray now argue that plaintiff's amended complaint fails to state a claim upon which relief can be granted. In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>see also</u> <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). But, the complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, _ U.S. _, 127 S. Ct. 1955, 1965 (2007).

Defendants argue that plaintiff has not stated a claim under the Free Exercise Clause of the First Amendment because plaintiff does not allege that he was ever forced to shave

his beard. Defendants do not deny that plaintiff has alleged that he suffered consequences as a result of the exercise of his religion, but assert plaintiff was "never prevented from engaging in conduct mandated by his faith." Mot. at 4:15-27. Defendants' argument, in essence, is that the government should be free to impose any consequences it wishes on its citizens based on the manner in which they practice religion, while avoiding First Amendment liability, as long as those citizens "choose" to suffer the consequences by remaining true to the requirements of their religion. Defendants' argument "flies in the face of Supreme Court and Ninth Circuit precedent." See Warsoldier v. Woodford, 418 F.3d 989, 996 (9th Cir. 2005).

Next, defendants argue plaintiff has not stated a claim under the Eighth Amendment. Mot. at 5:1-13. Under the Eighth Amendment, plaintiff may not be subjected to cruel and unusual punishment by defendants. The Eighth Amendment's prohibition of cruel and unusual punishment extends to medical care of prison inmates. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). In order to state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106.

In his complaint, plaintiff asserts that defendants Murray and Mendoza disciplined plaintiff for wearing a beard despite the fact that plaintiff had authorization from a CMF physician to wear a beard. Am. Compl. at 7:1-4, 10:16-20. The medical authorizations, covering the time periods from 2000 through 2005, approve plaintiff's request for exemption from shaving based on "medical necessity." Id., Ex. K, pp. 12(a)-12(e). Defendants assert these allegations do not amount to a claim under the Eighth Amendment because plaintiff in fact wore a beard and the facts do not suggest a sufficiently serious medical condition to which defendants could have been deliberately indifferent. Mot. at 5:2-12.[1]

---

[1] In his unverified opposition to the motion to dismiss, plaintiff represents that the medical necessity determination is based on his susceptibility to skin infections when he shaves. Opp'n at 2:25.

1  In this instance, the court agrees with defendants. It is not reasonable to infer that
2  any discomfort plaintiff might experience while shaving rises to the level of a serious medical
3  problem protected by the Eighth Amendment. Cf. Shabazz v. Barnauskas, 790 F.2d 1536, 1538
4  (11th Cir. 1986) (injuries associated with shaving including bleeding, inflammation, irritation,
5  ingrowing of hairs, infection, purulence and pain did not constitute a sufficiently serious medical
6  problem warranting Eighth Amendment protection). Moreover, the privileges plaintiff lost as a
7  result of not shaving his beard did not result in his being denied "the minimal civilized measures
8  of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994); cf. Am. Compl. at 3:18-19
9  & 25-26, 4:9 (discipline included loss of 30 days yard time, 10 days room privileges, canteen and
10 phone privileges). The court will recommend that plaintiff's Eighth Amendment claims against
11 defendants Mendoza and Murray be dismissed.

12  Defendants also argue that plaintiff has not suffered a violation of the Due Process
13 Clause of the Fourteenth Amendment. Mot. at 5:18-6:5. In order to state a cognizable claim for
14 violation of due process during prisoner disciplinary proceedings, plaintiff must allege facts to
15 suggest that he was deprived of a protected liberty interest. Such a liberty interest is "generally
16 limited to freedom from restraint which, while not exceeding the sentence in such an unexpected
17 manner as to give rise to protection by the Due Process Clause of its own force, nonetheless
18 imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of
19 prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995) (citations omitted). Plaintiff has not
20 alleged that he has suffered atypical and significant hardship or the deprivation of any other
21 protected liberty interest as a result of any of the disciplinary proceedings at issue in this case.
22 Plaintiff's due process claims against defendants Mendoza and Murray should be dismissed.

23  Defendants argue next that plaintiff fails to state claims under the Equal
24 Protection Clause of the Fourteenth Amendment because plaintiff fails to allege that Murray or
25 Mendoza applied grooming standards differently to different inmates. Mot. at 6:6-18. Under the
26 Equal Protection Clause, government officials generally must treat all persons the same. Jones v.

Helms, 452 U.S. 412, 423 (1981).  Plaintiff fails to allege that defendants Murray or Mendoza treated plaintiff differently than other inmates with respect to CMF's grooming standards. Therefore, plaintiff's equal protection claims against Murray and Mendoza should be dismissed.

Finally, Murray and Mendoza assert they are immune from damages with respect to all of plaintiff's claims under the doctrine of "qualified immunity."  Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In determining whether a governmental officer is immune from suit based on the doctrine of qualified immunity, the court must answer two questions.  The first is, taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?  Saucier v. Katz, 533 U.S. 194, 201 (2001).  A negative answer ends the analysis, with qualified immunity protecting defendant from liability.  Id.  If a constitutional violation occurred, a court must further inquire "whether the right was clearly established."  Id. "If the law did not put the [defendant] on notice that [his] conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate."  Id. at 202.

Consistent with the analysis above, defendants Murray and Mendoza are immune from damages with respect to plaintiff's Eighth and Fourteenth Amendment claims as the facts alleged in plaintiff's amended complaint do not show violations of those rights.

With respect to plaintiff's First Amendment claim, the facts alleged by plaintiff in his amended complaint are sufficient to establish a violation of the First Amendment.  The question then becomes whether the First Amendment violation alleged by plaintiff was clearly established at the time it occurred.

After reviewing relevant case law, it appears that at no time prior to the filing of this case did a federal court find that the California Department of Corrections and Rehabilitation's grooming regulations violated the Free Exercise Clause of the First Amendment.

Rather, in 1990, a regulation concerning beard length in Arizona's prisons withstood a free exercise challenge. Friedman v. State of Az., 912 F.2d 328, 329-32 (9th Cir. 1990). Also, shortly before this case was filed, the Ninth Circuit upheld a First Amendment free exercise challenge to a regulation concerning hair length brought by a Native American inmate. Henderson v. Terhune, 379 F.3d 709, 715 (9th Cir. 2004) (noting plaintiff had not brought a RLUIPA claim). For these reasons plaintiff did not have a clearly established right arising under the First Amendment to not be disciplined for wearing his beard at the time he was disciplined. Defendants Murray and Mendoza are immune from damages with respect to plaintiff's First Amendment claims.

Defendants also are immune from damages with respect to plaintiff's RLUIPA claim. It was not until 2005 that the Ninth Circuit found that the grooming standards in California's prisons could impose a "substantial burden" on religious practice and therefore violate RLUIPA. See Warsoldier, 418 F.3d at 996 (noting change in resolution of question based on passage of RLUIPA, embodying "compelling government interest" standard). While the court believes that the facts alleged in plaintiff's amended complaint are sufficient to establish a violation of RLUIPA, id. at 1002, plaintiff did not have a clearly established right to wear his beard under RLUIPA at the time plaintiff's rights allegedly were violated.

The only question that remains is whether plaintiff may obtain injunctive relief against Murray or Mendoza with respect to his RLUIPA and First Amendment claims. Defendants argue that plaintiff's requests for injunctive relief are moot given his transfer to a facility other than CMF. Mot. at 6:20-7:10. Plaintiff only disputes this to the extent that he seeks expungement of disciplinary reports. Opp'n at 8:20-9:9. Plaintiff asserts he "may" have a parole hearing at some point and he "can suffer negative consequences based on the illegal actions of defendants." Id. at 8:25-27. These concerns are speculative and not sufficiently injurious for this court to retain jurisdiction over defendants Murray or Mendoza. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983) (court does not have jurisdiction over claims

if plaintiff fails to show that he has sustained or is in immediate danger of sustaining some direct injury).

For all the foregoing reasons, the court will recommend that defendants Murray and Mendoza be dismissed from this case.

Accordingly, IT IS HEREBY ORDERED that plaintiff is granted thirty days within which to identify by name the person or entity he wishes to substitute for defendant Rowlett; and

IT IS HEREBY RECOMMENDED that the February 5, 2007 motion to dismiss filed by defendants Mendoza and Murray be granted, thereby dismissing them from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 12, 2007.

U.S. MAGISTRATE JUDGE

1
quil1203.57