IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE V. QUILLAR,

        Plaintiff,                    No. CIV S-04-1203 KJM EFB (TEMP) P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.              <u>ORDER</u>

       On February 2, 2011, this matter came on for status conference and hearing on counsel for plaintiff's motion to withdraw. Counsel for plaintiff, Reem Salahi, appeared telephonically. Plaintiff appeared in person as did counsel for defendants, Deputy Attorney General Gregory Gomez. In light of the record before the court, the arguments and other information presented at the hearing, and good cause appearing, it is hereby ORDERED that:

       1. Counsel for plaintiff's motion to withdraw, Dckt. No. 103, is granted.

       2. Reem Salahi is hereby relieved as counsel for plaintiff.

       3. If Ms. Salahi has any files or other records pertaining to plaintiff's case, she shall forward those documents to plaintiff within seven days.

////

////

1

4. Plaintiff will proceed pro se in this action.[1]

5. Plaintiff stated at the status conference that he believes he still has a live claim for damages under RLUIPA.  The July 13, 2007 findings and recommendations by the previously assigned magistrate judge recommended dismissal of defendants Muarray and Mendoza, finding, among other things, that they were entitled to qualified immunity from money damages under *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Dkt No. 70 at 5.  Those findings were adopted by the assigned district judge, Dckt. No. 77, and the ruling was not reversed by the Ninth Circuit.  Rather, the Ninth Circuit reversed the ruling that due to the change to the prison regulation in issue the district court lacked Article III jurisdiction.  Dckt. No. 87 at 3.  The Ninth Circuit explained that although the challenged regulation was no longer in effect plaintiff's claim for injunctive relief to expunge disciplinary records for past violations of the regulation is ripe and that plaintiff asserted an injury-in-fact sufficient for Article III standing.  Therefore, Judge Damrell's earlier order adopting the recommendation for dismissal of the claims for money damages against Muarray and Mendoza was not reversed.  Plaintiff's request to now proceed with a claim for damages effectively seeks reconsideration of the court's earlier ruling.

Plaintiff will be permitted the opportunity to present a motion for reconsideration.  If he wishes to present such a motion he shall file it no later than February 23, 2011.  With respect to that motion, plaintiff is informed as follows:

> A. Judgment was entered in this case on February 6, 2008.  As of that date, all claims in plaintiffs January 21, 2005 amended complaint were resolved against plaintiff.  On September 9, 2010, the Ninth Circuit Court of Appeals remanded only for further proceedings as to plaintiff's claim arising under RLUIPA for expungement of references in his prison file to disciplinary citations for wearing a

---

[1] This case was remanded from the Ninth Circuit Court of Appeals on September 9, 2010.  In the remand order, the Ninth Circuit suggests that the court appoint counsel for plaintiff. At the hearing on Ms. Salahi's motion to withdraw, plaintiff stated that he does not want an attorney appointed for him and that he would prefer to represent himself.

1 | beard.

2 |       B. Under the "law of case" doctrine, the court is generally precluded from reconsidering any issue that has already been decided in a case by the same court or a higher court. *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993). A court may have discretion to depart from the "law of the case" where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result. *Id*. at 155.

      C. Plaintiff must comply with Local Rule 230 (j) governing motions for reconsiderations.

   6. Defendants' opposition to the motion described above shall be filed no later than March 9, 2011. Plaintiff may file a reply no later than March 21, 2010.

DATED: February 3, 2011.

                     /s/ Edmund F. Brennan
                     EDMUND F. BRENNAN
                     UNITED STATES MAGISTRATE JUDGE