1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LEE V. QUILLAR,

11          Plaintiff,                    No. CIV-S-04-1203 KJM CKD P

12      vs.

13   CALIFORNIA DEPARTMENT
     OF CORRECTIONS, et al.,
14                                        ORDER AND

15          Defendants.                   FINDINGS AND RECOMMENDATIONS

16   _____/

17              Plaintiff is a California prisoner proceeding pro se with an action for violation of

18   civil rights under 42 U.S.C. § 1983.  On February 7, 2008, judgment was entered and this case

19   was closed.  On August 18, 2010, the Ninth Circuit Court of Appeals reversed judgment and

20   remanded for consideration of plaintiff's request for expungement of certain disciplinary

21   citations earned in prison for wearing an inappropriate beard as a remedy for a violation of rights

22   /////

23   /////

24   /////

25   /////

26   /////

1

1  arising under the Religious Land Use and Institutionalized Persons Act (RLUIPA).[1]  Several

2  matters are before the court.

3  I.  Proper Defendant

4         Given the fact that the only relief plaintiff may obtain is injunctive relief in the

5  form of expungement of prison disciplinary findings, the most appropriate defendant for this

6  action appears to be the warden at plaintiff's place of incarceration sued in his or her official

7  capacity.  See Morris v. Newland, No. CIV-S-00-2794 GEB GGH P, 2007 WL 707525 at *8

8  (E.D. Cal. March 6, 2007) (appropriate defendant in case where prospective injunctive relief

9  sought is official who could execute relief if ordered).  Plaintiff names a warden as a defendant in

10  his January 21, 2005, first amended complaint.  The court assumes this is the warden at

11  plaintiff's place of incarceration when plaintiff filed his first amended complaint.  The court will

12  substitute the warden at plaintiff's current place of incarceration, Folsom State Prison, as

13  defendant pursuant to Federal Rule of Civil Procedure 25(d).  The court will order the attorney

14  assigned to represent the defendants in this case to inform the court within fourteen days whether

15  he will accept service on behalf of the warden at Folsom.  If counsel will not accept service, the

16  court will order the warden served.  The court will establish a scheduling order as soon as the

17  warden appears.

18         The court notes that plaintiff filed a motion for substitution with respect to

19  defendants Rowlett and Murray on February 25, 2011.  Neither is  the warden at plaintiff's

20  current place of incarceration so plaintiff's request will be denied.

21  /////

22  /////

23

24      [1]  In the remand order, the Ninth Circuit suggests that the court appoint counsel for
plaintiff.  Counsel was appointed on November 18, 2010, but was permitted to withdraw
25  following a hearing occurring on February 2, 2011.  At the hearing, plaintiff indicated that he
prefers to proceed pro se (Dkt. No. 108),  so no effort was made to find plaintiff substitute
26  counsel.

1  II.  <u>Plaintiff's February 17, 2011 "Motion For Expansion Of Preliminary Injunction . . ."</u>

2          While it is not entirely clear, it appears plaintiff seeks a "preliminary injunction"

3  or "temporary restraining order" from this court directing all California Department of

4  Corrections and Rehabilitation employees to stop retaliating against plaintiff for filing prisoner

5  grievances.  However, the filing of prisoner grievances or any retaliation resulting therefrom are

6  not in any way at issue with respect to the claim which is before the court.  Further,  the court

7  does not have jurisdiction over all CDCR employees to enter the order plaintiff requests.  If

8  plaintiff seeks relief based upon a claim that he is being retaliated against for exercising protected

9  rights, he should initiate a separate lawsuit.

10  III.  <u>Plaintiff's Motion For Partial Summary Judgment</u>

11          On February 14, 2011, plaintiff filed a motion seeking summary judgment against

12  defendant Mendoza on plaintiff's claims for damages arising under the First Amendment, the

13  Fourteenth Amendment, and RLUIPA.  As indicated above, judgment was entered in this case on

14  February 7, 2008, which served as a final determination as to all of plaintiff's claims.  Plaintiff

15  appealed and the result of the appeal was the Ninth Circuit remanding for consideration of

16  plaintiff's claim arising under RLUIPA for expungement of disciplinary records.  No other

17  claims were remanded so there are no other claims before the court.[2]  Therefore, the court will

18

19          [2] The directive from the Ninth Circuit was clear: only plaintiff's RLUIPA claim for
expungement was remanded.  This court must follow the mandate of the Ninth Circuit.  <u>Firth v.
20  U.S.</u>, 554 F.2d 990, 994 (9th Cir. 1977).  The court does have some flexibility in terms of matters
not decided explicitly or implicitly by the Ninth Circuit.  <u>See id</u>.  Even if the court has some
21  discretion to revive claims already dismissed by this court because those claims were not
specifically rejected by the Ninth Circuit, however, plaintiff would have to prevail on a motion
22  for reconsideration to get the claims back before the court.  Plaintiff has not filed a motion for
reconsideration despite being given leave to do so on February 3, 2011.
23          Further, if the court construed plaintiff's motion for summary judgment as a motion for
reconsideration, the court would recommend that it be denied.  A district court may reconsider a
24  ruling under either Federal Rule of Civil Procedure 59(e) or 60(b).  <u>See Sch. Dist. Number. 1J,
Multnomah County v. ACandS, Inc.</u>, 5 F.3d 1255, 1262 (9th Cir. 1993).  "Reconsideration is
25  appropriate if the district court (1) is presented with newly discovered evidence, (2) committed
clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in
26  controlling law."  <u>Id</u>. at 1263.  While plaintiff points to various precedents, including

1   recommend that plaintiff's motion for summary judgment be denied.

2           Accordingly, IT IS HEREBY ORDERED that:

3           1.  This action shall proceed with the Warden of Folsom State Prison, sued in his

4   or her official capacity, as the only defendant.  The attorney assigned to represent defendants in

5   this case, Deputy Attorney General Gregory G. Gomez, shall inform the court within fourteen

6   days whether he will accept service on behalf of the warden.

7           2.  Plaintiff's February 25, 2011, motion for substitution with respect to

8   defendants Rowlett and Murray is denied.

9           IT IS HEREBY RECOMMENDED that:

10          1.  Plaintiff's February 17, 2011, "Motion For Expansion Of Preliminary

11  Injunction . . ." be denied; and

12          2.  Plaintiff's February 14, 2011, "motion for partial summary judgment" be

13  denied.

14          These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days

16  after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Such a document should be captioned

18  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

19  objections shall be filed and served within fourteen days after service of the objections.  Failure

20  to file objections within the specified time may waive the right to appeal the District Court's

21  \\\\

22  \\\\

23

24  Mayweathers v. Newland, 314 F.3d 1062 (9th Cir. 2002), where the Ninth Circuit upheld
    RLUIPA against various Constitutional challenges, plaintiff fails to make any coherent argument
25  which reasonably suggests that any ruling made by this court before the case proceeded to the
    Ninth Circuit violates any precedent or that any order should be reconsidered for some other
26  legitimate reason.

order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


  Dated: August 9, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

[1]
quil123.frs(1)