IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE V. QUILLAR

    Plaintiff,                        No. CIV S-04-1203 KJM CKD P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.

    Defendant.                    ORDER

/

        Plaintiff is a state prisoner proceeding without counsel in an action under 42 U.S.C. § 1983. On August 9, 2011, the court ruled that the only proper defendant to the single claim remaining in the first amended complaint, which is the operative pleading, is the warden of the correctional institution where plaintiff is incarcerated.[1] See Order and Findings and Recommendations at 2 (Docket No. 117). The court substituted Rick Hill, the warden of Folsom State Prison, as the defendant in this case and ordered the attorney representing the other, now former defendants to state whether he would accept service on behalf of the warden. The court

---

[1] The only claim still extant in this case is plaintiff's request for an injunction ordering the expungement from his C-file numerous disciplinary findings that were levied against him for violating prison rules pertaining to facial hair. The tenets of plaintiff's Muslim faith require him to wear a beard, and plaintiff initially included claims that his right to free exercise of religion had been infringed. The rules that plaintiff violated have since been amended, but the Ninth Circuit has ruled that this court has Article III jurisdiction to hear his claim for expungement of the rules violations from his record. See USCA Memorandum (Docket No. 87).

1

further stated that "[i]f counsel will not accept service, the court will order the warden served. The court will establish a scheduling order as soon as the warden appears." Id. Counsel for the defendants responded to the court's order and stated that he would accept service. See Docket No. 118.

On October 5, 2011, plaintiff filed an interlocutory appeal of the court's order denying his request for expansion of a preliminary injunction and a protective order. The Ninth Circuit summarily affirmed the district court's decision on January 9, 2011. Accordingly, this case is ready to proceed on an ordinary scheduling track.

The court construes counsel's agreement to accept service as an appearance sufficient to forego formal service of the first amended complaint on defendant Hill. There is no question that the warden of Folsom State Prison has, through his counsel, received notice of the claim asserted against him in his official capacity in the first amended complaint. Moreover, California law, which governs the process by which an individual is served in this court,[2] recognizes an attorney's written agreement to accept service on behalf of a defendant as a general appearance that relieves a plaintiff of the obligation to complete service. See General Ins. Co. v. Superior Court, 15 Cal.3d 449, 453 (Cal.1975) (stating that "[a] written stipulation between attorneys recognizing jurisdiction of the court over the parties constitutes a [g]eneral appearance by defendant. ... Having received [defendant's] written stipulation accepting service, plaintiff cannot have been expected to then commence service, to complete service not commenced, or to return service"). Applying this rule of state law to this case will further judicial economy by avoiding the unnecessary formality of requiring the plaintiff to provide service documents from prison, and it is consistent with the general principle that in federal court, "[d]efendant need not respond directly to the complaint in order to be deemed to have made an appearance. An appearance may arise by implication from defendant's seeking, taking or agreeing to some steps

---

[2] Fed. R. Civ. P. 4(e)(1).

2

1 or proceedings in the cause beneficial to himself or detrimental to plaintiff other than one
2 contesting only the jurisdiction." Charles Alan Wright and Arthur R. Miller, 10A Federal
3 Practice and Procedure § 2686 (internal quotations omitted).

4       The court finds that defendant Hill, in his official capacity as warden of Folsom
5 State Prison, has appeared in this case through his counsel's representation to the court that he
6 would accept service on behalf of the defendant. In keeping with its order of August 9, 2011, the
7 court will put this case on an ordinary litigation schedule, first allowing defendant Hill fourteen
8 days in which to file an answer or otherwise respond to the sole claim remaining in the first
9 amended complaint. If the defendant files an answer, the court will immediately thereafter enter
10 an order scheduling discovery and other pre-trial deadlines.

11       Accordingly, IT IS HEREBY ORDERED that:

12       1. Defendant Rick Hill is deemed to have appeared in this case, and Deputy
13 Attorney General Gregory G. Gomez shall be entered as attorney of record for defendant Rick
14 Hill.

15       2. Defendant Hill has fourteen days from the entry of this order in which to file an
16 answer or otherwise respond to the first amended complaint.

17 Dated: January 12, 2012

18       _____
19       CAROLYN K. DELANEY
      UNITED STATES MAGISTRATE JUDGE

23 3
quil1203.ord