IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE V. QUILLAR,

        Plaintiff,                   No. 2:04-cv-1203 KJM CKD P

      vs.

CDCR, et al.,

        Defendants.              <u>ORDER</u>

                                /

        Pursuant to the Ninth Circuit's recent decision in <u>Woods v. Carey</u>, Nos. 09-15548, 09-16113, 2012 WL 2626912 (9th Cir. July 6, 2012), the court hereby reminds plaintiff of the following requirements for opposing the motion for summary judgment filed by the defendant on March 29, 2012.[1]  Plaintiff has filed an opposition to the motion for summary judgment.  (<u>See</u> Dkt. Nos. 133-135.)  The motion arises under Rule 56 of the Federal Rules of Civil Procedure.  Such a motion is a request for an order for judgment in favor of the defendant without trial.  A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment.  To oppose a motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in

---

[1] Plaintiff was also advised of these requirements on September 27, 2006.  (<u>See</u> Dkt. No. 51.)

1  one or more of the following ways.  Plaintiff may rely on plaintiff's statements made under
2  penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge
3  of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.
4  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that
5  plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must
6  have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff
7  must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any
8  part of the transcript of one or more depositions, answers to interrogatories, or admissions
9  obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with
10 counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true
11 and grant the motion.  If there is some good reason why such facts are not available to plaintiff
12 when required to oppose a motion for summary judgment, the court will consider a request to
13 postpone consideration of the defendant's motion.  See FED. R. CIV. P. 56(d).  If plaintiff does
14 not serve and file a written opposition to the motion, or a request to postpone consideration of the
15 motion, the court may consider the failure to act as a waiver of opposition to the defendant's
16 motion.  See L.R. 230(l).  If the court grants the motion for summary judgment, whether opposed
17 or unopposed, judgment will be entered for the defendant without a trial and the case will be
18 closed as to that defendant.  Unsigned affidavits or declarations will be stricken, and affidavits or
19 declarations not signed under penalty of perjury have no evidentiary value.
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////

Plaintiff now having received the notice required under <u>Woods</u>, 2012 WL 2626912, IT IS HEREBY ORDERED that plaintiff will be provided 21 days to file additional evidentiary materials regarding defendant's motion for summary judgment, but it is not required. No extensions will be given.

Dated: July 11, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7
quil1203.not