1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LEE V. QUILLAR

11            Plaintiff,              No.  2:04-cv-01203 KJM CKD P

12        vs.

13   CDCR, et al.,

14            Defendants.             ORDER AND

15                                    FINDINGS AND RECOMMENDATIONS

16   _____/

17            Plaintiff, a state prisoner, proceeds pro se with an action pursuant to 42 U.S.C. §

18   2000cc et seq., the Religious Land Use and Institutionalized Persons Act (RLUIPA).  On

19   February 6, 2008, judgment was entered in favor of defendants and this case closed.  On August

20   18, 2010, the Ninth Circuit Court of Appeals reversed the judgment and remanded the case for

21   consideration of plaintiff's request for injunctive relief under RLUIPA for the expungement of

22   disciplinary records.  This action now proceeds against the sole remaining defendant, Rick Hill,

23   Warden of Folsom State Prison.

24            Defendant's motion for summary judgment is before the court. Also pending are

25   defendant's motion for a protective order to stay discovery responses and plaintiff's motion to

26   compel discovery.

1

I. *Defendant's Motion for Summary Judgment*

As an initial matter, the parties dispute which of plaintiff's claims remain pending. Defendant contends plaintiff's injunctive relief claim under RLUIPA for the expungement of disciplinary reports is the sole remaining claim in this action, while plaintiff asserts he also has claims for damages and declaratory judgment pending.

As indicated above, a judgment was entered in this case on February 6, 2008 which operated as a final determination resolving all claims against plaintiff. Plaintiff appealed and the Ninth Circuit remanded to this court for consideration of his claim arising under RLUIPA for the expungement of disciplinary records. As set forth in this court's order of August 9, 2011, "The directive from the Ninth Circuit was clear: only plaintiff's RLUIPA claim for expungement was remanded." Dkt. 117 at 3 n.2.[1]

In addition, on February 2, 2011, a status conference was held during which plaintiff indicated that he wished to proceed pro se and to pursue a claim for damages. On February 3, 2011, the court entered an order granting plaintiff leave to file a motion for reconsideration of the court's February 6, 2008 judgment dismissing his claim for damages. Plaintiff did not seek reconsideration of the February 6, 2008 judgment. Plaintiff's injunctive relief claim under RLUIPA constitutes the sole remaining claim in this action. See Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993) (discussing the "law of the case" doctrine).

*RLUIPA*

RLUIPA "protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." Cutter v. Wilkinson, 544 U.S. 709, 721 (2005).

---

[1] Plaintiff alleges his pro bono appointed counsel rendered "ineffective assistance of counsel" by omitting other non-frivolous claims in his appeal. Dkt. 133 at 9-10. This allegation has no bearing on whether his claim for injunctive relief is moot and need not be addressed here. In any event, there exists no constitutional right to the effective assistance of counsel in a civil suit. Nicholson v. Rushen, 767 F.2d 1426, 1427 (9th Cir. 1985).

1    Section 3 of RLUIPA provides that "[n]o government shall impose a substantial

2 burden on the religious exercise of a person residing in or confined to an institution... even if the

3 burden results from a rule of general applicability," unless the government demonstrates that the

4 burden "is in furtherance of a compelling governmental interest" and "is the least restrictive

5 means of furthering that compelling government interest."  42 U.S.C. § 2000cc-1.  Of particular

6 relevance here is that in Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005), the Ninth Circuit

7 held that a grooming policy of the California Department of Corrections intentionally put

8 significant pressure on inmates to abandon their religious beliefs by cutting their hair and

9 therefore imposed a substantial burden on their religious practice in violation of RLUIPA.  Id. at

10 995-96.

11         *Summary Judgment Standard under Rule 56*

12    Summary judgment is appropriate when there exists "no genuine issue as to any

13 material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ.

14 P. 56(c).  Under summary judgment practice, the moving party

15
16
17
> always bears the initial responsibility of informing the district court
> of the basis for its motion, and identifying those portions of 'the
> pleadings, depositions, answers to interrogatories, and admissions
> on file, together with the affidavits, if any,' which it believes
> demonstrate the absence of a genuine issue of material fact.

18 Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the

19 nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

20 judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

21 to interrogatories, and admissions on file.'"  Id.  Summary judgment should be entered, after

22 adequate time for discovery and upon motion, against a party who fails to make a showing

23 sufficient to establish the existence of an element essential to that party's case, and on which that

24 party will bear the burden of proof at trial.  See Id. at 322.  "[A] complete failure of proof

25 concerning an essential element of the nonmoving party's case necessarily renders all other facts

26 immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as

1  whatever is before the district court demonstrates that the standard for entry of summary

2  judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

3            If the moving party meets its initial responsibility, the burden then shifts to the

4  opposing party to establish that a genuine issue as to any material fact exists.  See Matsushita

5  Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the

6  existence of this factual dispute, the opposing party may not rely upon the allegations or denials

7  of its pleadings but is required to tender evidence of specific facts in the form of affidavits or

8  admissible discovery material, in support of its contention that the dispute exists.  See Fed. R.

9  Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate (1) that

10 the fact in contention is material, i.e., is a fact that might affect the outcome of the suit under the

11 governing law (see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv.,

12 Inc. V. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987)), and (2) that the

13 dispute is genuine, i.e., that the evidence is such that a reasonable jury could return a verdict for

14 the nonmoving party (see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir.

15 1987)).

16           In the endeavor to establish the existence of a factual dispute, the opposing party

17 need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

18 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

19 versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

20 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

21 genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

22 committee's note on 1963 amendments).

23           In resolving a summary judgment motion, the court examines the pleadings,

24 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

25 any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

26 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

4

court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

Freight Lines, 602 F.Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

show that there is some metaphysical doubt as to the material facts... Where the record taken as a

whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine

issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

On September 27, 2006, the court advised plaintiff of the requirements for

opposing a motion pursuant to Rule 56 of the Federal rules of Civil Procedure.  See Rand v.

Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999);

Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).  On July 12, 2012, after the pending

motion for summary judgment was filed, and pursuant to the Ninth Circuit's decision in Woods

v. Carey, 684 F.3d 934 (9th Cir. 2012), the court again advised plaintiff of the requirements of

Rule 56.

*Undisputed Facts*

The following facts are undisputed or, upon review of the evidence submitted,

have been deemed undisputed.  While plaintiff was a prisoner at the California Medical Facility

between 2000 and 2004, he was disciplined eight times for wearing a goatee-style beard up to

1.25 inches long, as follows: (a) CDC 128- disciplinary chrono dated October 12, 2000; (b) CDC

128- disciplinary chrono dated September 29, 2003; (c) CDC 115 rules violation report dated

October 28, 2000; (d) CDC 115 rules violation report dated November 23, 2000; (e) CDC 115

rules violation report dated June 6, 2001; (f) CDC 115 rules violation report dated October 2,

2003; (g) CDC 115 rules violation report dated March 22, 2004; and (h) CDC 115 rules violation

report dated April 12, 2004.  Defendant's Undisputed Facts ("DUF") 2, 3.  On February 21,

2012, Correctional Counselor M. Anderson reviewed plaintiff's central file to locate and expunge

these eight disciplinary records.  DUF 4.  Counselor Anderson removed the disciplinary records

designated (a), (b), (e), (f), (g), and (h) herein from plaintiff's central file, but could not locate the

disciplinary records designated (c) and (d) in plaintiff's central file.  DUF 5, 6.

Counselor Anderson initially determined that plaintiff's classification score sheet

(CDCR 840) did not need to be modified as a result of the removal of the disciplinary records,

and that no further classification action was required as a result of the expungement.  DUF 7.

Plaintiff then asserted in his opposition to defendant's motion for summary judgment that

Anderson had failed to address and rectify plaintiff's having been placed on "zero credit earning

status" effective March 25, 2004 as a result of the disciplinary actions at issue.  Dkt. 133 at 10;

Dkt. 134 at 2.  Subsequently, Anderson determined that a revision to plaintiff's Minimum

Eligible Parole Date (MEPD) was appropriate since plaintiff's existing MEPD was based on a

credit-earning-rate that resulted in part from the now-expunged records.  Dkt. 140, Attachment

2.[2]  On May 21, 2012, Counselor Anderson and plaintiff together reviewed plaintiff's central file

and a Classification Committee meeting was held.  Id.  Plaintiff's past credit earning status was

updated and his MEPD recalculated to reflect his changed historical credit earning status.  Id.

Following Counselor Anderson's subsequent action, it is as though the eight expunged

disciplinary records never existed; they do not have any effect on the calculation of plaintiff's

MEPD, his classification, or his access to privileges.  Id.

---

[2] This piece of evidence was presented in defendant's reply brief.  Ordinarily, the court does not consider new legal arguments or evidence presented in a reply brief.  See In re Rains, 428 F.3d 893, 902 (9th Cir. 2005) (quoting Coleman v. Quaker Oats Co., 232 F.3d 1271, 1289 n.4 (9th Cir. 2000)) ([I]ssues cannot be raised for the first time in a reply brief.");  Tovar v. U.S. Postal Serv., 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (granting non-movant's motion to strike new information presented in movant's reply brief).  Nevertheless the court has discretion to do so. See Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (holding that a district court should not consider new evidence presented by a movant for summary judgment in a reply brief if the non-movant has not had the opportunity to respond).  Here, Anderson's second declaration does not raise new issues or arguments, but rather, responds directly to issues raised by plaintiff in his opposition brief.  Plaintiff has not responded to Anderson's second declaration or moved to strike it despite having ample time.  Under the circumstances present here, the court may properly consider Anderson's second declaration submitted with defendant's reply brief.  See, e.g., Cook v. Champion Shipping AS, 732 F.Supp.2d 1029, 1030 n.2 (E.D. Cal. 2010).

*Analysis*

Generally, "[a] case becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." See Porter v. Jones, 319 F.3d 483, 489 (9th Cir. 2003) (quoting Clark v. City of Lakewood, 259 F.3d 996, 1011 (9th Cir. 2001) (citations omitted)). The basic question in determining mootness is "'whether there is a present controversy as to which effective relief can be granted.'" Outdoor Media Group, Inc. V. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007). Where injunctive relief is sought, "'the question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be any effective relief.'" Cantrell v. City of Long Beach, 241 F.3d 674, 678 (9th Cir. 2001).

Plaintiff asserts summary judgment should be denied because two of the rules violation reports at issue were not located in his central file, and because one additional CDC 115, dated June 22, 2005, should also have been expunged but was not. He further asserts defendant failed to show that the rules violation reports were removed from the "registry." Dkt. 135 at 3. Thus, the issues in dispute are (1) whether any effective relief is available with respect to the two disciplinary records that could not be located in plaintiff's central file; (2) whether plaintiff's CDC 115 dated June 22, 2005 should additionally have been expunged and the 30 days loss of credit resulting therefrom restored; and (3) whether the expungement process is sufficient and complete without removal of the CDC 115 rules violation reports from the institutional registry.

First, although the rules violation reports dated October 28, 2000 and November 23, 2000 could not be located in plaintiff's central file, plaintiff fails to establish a genuine dispute of material fact as to whether any effective relief is available. It is undisputed that the two unlocated reports do not appear in his central file, and undisputed that, for purposes of his institutional classification, sentence calculation and access to privileges, it is as if they never existed. Similarly, it is of no moment if plaintiff's grooming violation reports still exist in the

7

registry referenced by plaintiff.  The "Register of Institutional Violations" is a chronological

index of all rules violation reports that have been issued, regardless of their eventual disposition.

Dkt. 140, Attachment 2; see also 15 Cal. Code of Reg. § 3326(a)(2).  Plaintiff fails to establish a

genuine issue of material fact regarding any effect the institutional registry has on him; rather, it

is undisputed that the presence of his expunged disciplinary reports in the registry has no effect

on his classification, sentence calculation, or access to privileges.  Thus, there can be no effective

relief with regard to the registry.  Finally, the June 22, 2005 CDC 115 plaintiff now references

was not raised in his amended complaint, is not a grooming violation, and simply is not at issue

in this case despite his claims to the contrary.[3]

          In sum, the expungement from his central file of all present disciplinary reports

relating to non-compliance with grooming standards and the recalculation of all related credits

and classifications renders moot plaintiff's claim for injunctive relief because there is no present

controversy as to which effective relief can be granted.  Summary judgment in defendant's favor

is appropriate.

II.  *Plaintiff's Motion to Compel and Defendant's Request for a Protective Order*

          Plaintiff moves the court for an order compelling defendant to respond to

interrogatories, requests for production of documents, and requests for admission served on

February 15, 2012 and March 12, 2012.  Defendant requests a protective order staying responses

to plaintiff's discovery requests.  In light of the recommendation that defendant's motion for

summary judgment be granted, the court will deny plaintiff's motion to compel and grant

defendant's request for a protective order at this time.

---

[3] The CDC 115 dated June 22, 2005 appears in this record at Dkt. 134, pages 6-7 and was issued for "Disobeying Orders."  The report charges plaintiff with disobeying three direct orders to return to his housing unit.  It is noted that on July 19, 2005, plaintiff filed a document entitled "Notice and Motion to Review Additional Evidence..." in which he alleged that the issuance of the June 22, 2005 CDC 115 was a function of his restricted movement privileges resulting from his having been improperly placed in "zero credit earning status" based on the now-expunged grooming violations at issue.  The motion was denied on December 5, 2005.

For all the foregoing reasons, IT IS HEREBY ORDERED that:

1.    Defendant's April 2, 2012 motion for protective order is GRANTED; and

2.    Plaintiff's May 2, 2012 motion to compel is DENIED.

Further, IT IS HEREBY RECOMMENDED that:

1.    Defendant's March 29, 2012 motion for summary judgment be GRANTED and judgment be entered for defendant; and

2.    The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 Dated: September 19, 2012

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
quil1203.57.MSJ

9